-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LUIS URDANETA, 08-B-1549,

           Plaintiff,

    -v-

DALE ARTUS, Superintendent,
Gowanda Correctional Facility and
MR. KELLEHER, ASAT Correction Counselor,

        Defendants.

**DECISION AND ORDER**
11-CV-271F



## INTRODUCTION

Plaintiff Luis Urdaneta, an inmate of the Gowanda Correctional Facility

("Gowanda"), has filed this *pro se* action seeking relief under 42 U.S.C. § 1983

(Docket Nos. 1 and 2), has both requested permission to proceed *in forma*

*pauperis* and filed a signed Authorization (Docket Nos. 2 and 6) and has moved

for the appointment of counsel. (Docket No. 4).  Plaintiff claims that defendant

Kelleher, an ASAT Correctional Counselor at Gowanda violated his rights by

pushing plaintiff's head into a chalkboard during a classroom altercation, causing

plaintiff to suffer recurring headaches and visual difficulties, and by subsequently

making plaintiff sign a counseling reprimand.  With respect to defendant

Gowanda Superintendent Artus, while plaintiff acknowledges that Artus sustained

the grievance plaintiff filed with respect to the incident, plaintiff apparently objects

to the relief directed by the Superintendent's decision.   For the reasons discussed

below, plaintiff's request to proceed as a poor person is granted, his claims

against defendant Artus are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)

and 1915A, service by the U.S. Marshal is ordered with respect to his claims

against defendant Kelleher, and plaintiff's motion to appoint counsel is denied.

## DISCUSSION

Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a

case in which in forma pauperis status has been granted if, at any time, the Court

determines that the action (i) is frivolous or malicious; (ii) fails to state a claim

upon which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief.  Section 1915 "provide[s] an efficient

means by which a court can screen for and dismiss legally insufficient claims."

*Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391

F.3d 106, 112 (2d Cir. 2004)).   In addition, 28 U.S.C. § 1915A(a) requires the

Court to conduct an initial screening of "a complaint in a civil action in which a

prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity," *id.*, regardless of whether or not the inmate has sought in

forma pauperis status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all of the factual

allegations and must draw all inferences in plaintiff's favor.  *See Larkin v. Savage*,

318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287

(2d Cir. 1999).  Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations."  *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *see also, Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).  "The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.' " *Abbas*, 480 F.3d at 639 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983)).  Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure.  *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S.89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) ((internal quotation marks and citation omitted)).  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted).  Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed

in stating a claim." *Abbas*, 480 F.3d at 639 (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam )).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

Claims Against Superintendent Artus

A prerequisite for liability under § 1983 is personal involvement by the defendant in the alleged constitutional deprivation. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986). The bare fact that a defendant such as Superintendent Artus occupies a high position in the New York State prison hierarchy is insufficient to sustain a plaintiff's claim. *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995). Requisite involvement on the part of a supervisory official may be shown in one of several ways:

> (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

*Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (quoting *Hernandez v.*

*Keane*, 341 F.3d 137, 145 (2d Cir.2003) (citing *Al-Jundi v. Estate of Rockefeller*,

885 F.2d 1060, 1065 (2d Cir.1989)); and citing *Colon v. Coughlin*, 58 F.3d 865, 873

(2d Cir.1995).

As previously noted, the complaint states that defendant Artus received,

reviewed and acted upon the grievance plaintiff filed with respect to the incident

involving defendant Kelleher.  Moreover, plaintiff states that defendant Artus

*affirmed* plaintiff's claim of assault and battery (Complaint, ¶¶ 10, 12(e)), and he

attaches a copy of the superintendent's decision, dated September 9, 2010, which

states that the randomly chosen inmate witnesses had "all basically affirmed the

grievant's statement" and concludes that based upon investigation, "appropriate

administrative actions have been taken in this matter."  (Complaint, p. 7 [Exhibit

C]).

Plaintiff further alleges that when he sought to appeal the Superintendent's

decision "to the extent of seeking information as to what was involved in

'appropriate administrative actions', the Inmate Grievance Review Committee

informed him that an appeal to the C.O.R.C.  "was not necessary as the

Superintendent's decision was binding."  (Complaint, ¶12(f) ).

While plaintiff is apparently dissatisfied with whatever administrative actions

were ordered by the Superintendent pursuant to his decision, or is unhappy with

the failure to adequately inform him as to the nature of those actions, his

allegations fail to state a claim against Superintendent Artus under the criteria

applicable to claims against supervisory officials, as discussed above.  Defendant

Artus is not alleged to have participated in the underlying constitutional violation

(the excessive force to which defendant Kelleher allegedly subjected plaintiff).

Neither does plaintiff allege that defendant created a policy or custom that

sanctioned unconstitutional conduct, or that he allowed such a policy or custom to

continue, or that he was  grossly negligent in supervising the defendant  who is

alleged to have committed the constitutional violation.  And directly contrary to the

second and fifth factors set forth in *Richardson, supra*, plaintiff's allegations

indicate that defendant Artus moved to "remedy the wrong" recited in plaintiff's

grievance by upholding the grievance, and directing "appropriate administrative

actions", and that he affirmatively acted, in plaintiff's favor, upon information (*i.e.*,

the grievance) which indicated that unconstitutional acts had occurred.

Accordingly, the complaint fails to state a claim with respect to defendant Artus,

and he must be dismissed as a defendant in this matter.  *See, e.g., Hobson v.*

*Fischer*, 10-CV-5512 (SAS), 2011 U.S. Dist. LEXIS 25803, at *22-23 (S.D.N.Y.

March 14, 2011) (claims against correctional facility superintendent dismissed

where measures had been taken to address plaintiff's grievances, even though

grievance had been denied: "Because [defendant] did not ignore the complaints

brought to his attention as Superintendent, [plaintiff] cannot allege that [defendant]

acted with deliberate indifference. Given that [plaintiff's] grievances were investigated and responded to, his claim of deliberate indifference fails.").

## CONCLUSION

For the reasons set forth above, plaintiff's request to proceed as a poor person is granted, his claims against defendant Artus are dismissed, and Artus is dismissed as a defendant to this proceeding.  Plaintiff's claims against defendant Kelleher may proceed.  Plaintiff's application for the appointment of counsel is denied as premature because there is insufficient information before the Court to make the necessary assessment of plaintiff's claims under the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), as issue has yet to be joined.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's application to proceed *in forma pauperis is granted;*

FURTHER, that his claims against defendant Artus are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to dismiss Artus as a defendant in this action;

FURTHER, that plaintiff's motion for appointment of counsel is denied;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the summons, complaint,

7

and this Order upon defendant Kelleher without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, pursuant to 42 U.S.C. § 1997e(g)(2), the defendant is directed to answer the complaint; and

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated:  _May 9_____, 2011

8