UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LUIS URDANETA,

                                    Plaintiff,

              v.

PATRICK KELLEHER, ASAT[1] Correction Counselor,

                                      Defendant.

**DECISION
and
ORDER**

**11-CV-0271F
(consent)**

_____

APPEARANCES:         MARK A. MOLDENHAUER, ESQ. and
                            DIANE M. PIETRASZEWSKI, ESQ.
                            Attorneys for Plaintiff
                            40 Fountain Plaza
                            Key Center, Suite 600
                            Buffalo, New York 14202-2200

                            ERIC T. SCHNEIDERMAN
                            Attorney General, State of New York
                            Attorney for Defendant
                            STEPHANIE JOY CALHOUN
                            Assistant New York Attorney General, of Counsel
                            Main Place Tower
                            Suite 300A
                            350 Main Street
                            Buffalo, New York 14202

## JURISDICTION

    On September 26, 2011, the parties to this action consented, pursuant to 28

U.S.C. § 636(c), to proceed before the undersigned (Doc. No. 10).  The matter is

presently before this court on Defendants' motion for summary judgment (Doc. No. 21),

filed August 28, 2012.

_____

[1] "ASAT" refers to Alcohol and Substance Abuse Treatment.

**BACKGROUND**

Plaintiff Luis Urdaneta ("Plaintiff" or "Urdaneta"), proceeding *pro se*, later

appointed counsel by the undersigned on December 22, 2011 (Doc. No. 16),

commenced this civil rights action on March 28, 2011, while incarcerated at Gowanda

Correctional Facility[2] ("Gowanda" or "the correctional facility") alleging he was subjected

to excessive force by Defendant, an employee of the New York State Department of

Correctional Services ("DOCS").  Plaintiff particularly alleges that on August 30, 2010,

while incarcerated at Gowanda, DOCS ASAT Corrections Counselor Patrick Kelleher

("Defendant" or "Kelleher"), without any cause or provocation by Plaintiff, and acting

with malice and intent to cause Plaintiff harm, physically assaulted Plaintiff during the

ASAT program.  Defendant's answer filed on September 14, 2011 (Doc. No. 8)

("Answer"), asserts ten affirmative defenses including, as relevant here, qualified

immunity, that Plaintiff cannot establish the objective and subjective elements of an

Eighth Amendment claim, and that Plaintiff's action is barred by the Eleventh

Amendment of the United States Constitution.

On August 28, 2012, Defendant filed the instant motion for summary judgment

(Doc. No. 21) ("Defendant's Motion"), and Defendants' Memorandum of Law in Support

of Motion for Summary Judgment (Doc. No. 22) ("Defendant's Memorandum").  On

September 28, 2012, Plaintiff filed Plaintiff's Memorandum of Law in Opposition to

Defendant's Motion for Summary Judgment (Doc. No. 26) ("Plaintiff's Response"), the

---

[2]On January 20, 2012, Plaintiff was transferred to Fishkill Correctional Facility in Beacon, New York.  At the time of this writing Plaintiff is incarcerated at Greene Correctional Facility in Coxsackie, New York.

Affirmation of Mark A. Moldenhauer, Esq. In Opposition to Defendant's Motion for
Summary Judgment (Doc. No. 27) ("Moldenhauer Affirmation"), the Affidavit of Luis
Urdaneta (Doc. No. 28) ("Plaintiff's Affidavit"), and Plaintiff's Counter Statement of
Disputed Facts in Opposition to Defendant's Motion for Summary Judgment (Doc. No.
29) ("Plaintiff's Statement of Facts").  On October 11, 2012, Defendants filed the Reply
Memorandum of Law in Further Support of Summary Judgment (Doc. No. 32)
("Defendants' Reply").  By order of the undersigned on December 18, 2012 (Doc. No.
36), discovery was to be completed by March 29, 2013.  Oral argument was deemed
unnecessary.

Based on the following, Defendant's motion for summary judgment is DENIED.


### FACTS[3]

This actions concerns Defendant's alleged use of excessive force against
Plaintiff causing Plaintiff to suffer a head injury and Plaintiff to experience recurring
headaches.  Complaint at 3.  On August 30, 2010, while attending an ASAT class at
Gowanda, Plaintiff opened a window in the classroom to bring in fresh air, upon which
Defendant started screaming at Plaintiff that Plaintiff was interrupting class, and called
Plaintiff to the area next to the chalkboard where Defendant was standing.  After
explaining to Defendant that Plaintiff opened the window for air because several
inmates in the room were sick, Defendant responded "I don't care," and, without
provocation, pushed Plaintiff into the chalkboard causing Plaintiff's head to strike the

---

[3] The Facts are taken from the pleadings and motion papers filed in this action.

blackboard.  Defendant then asked Plaintiff "what are you going to do?" while at the same time bumping Plaintiff in the chest and ordering Plaintiff to stand in the hallway outside of the room facing the wall for 45 minutes.  Plaintiff alleges Defendant's use of force in causing Plaintiff's head to strike the chalkboard resulted in substantial head pain, dizziness, blurred vision, and recurring headaches.  Complaint at 3, 4.

Plaintiff returned to his residence dorm, still suffering headaches, and timely filed a grievance with the correctional facility.  Complaint at 4.  On August 31, 2010, Supervising Correction Counselor Thomas Dzierba, ("Dzierba" or "Supervisor Dzierba") and Sergeant Militello ("Militello" or "Sergeant Militello") summoned Plaintiff to Supervisor Dzierba's office to question Plaintiff about the August 30, 2010 incident. Plaintiff was then taken to the Gowanda infirmary for medical examination, where Nurse Ambrosoli ("Ambrosoli" or "Nurse Ambrosoli") examined Plaintiff, determined that Plaintiff exhibited no visible injuries, and returned Plaintiff to his cell without treatment. In October 2010, a nurse at the Gowanda infirmary suggested to Plaintiff that wearing eyeglasses may help to alleviate Plaintiff's headache symptoms.  Plaintiff proceeded to wear eyeglasses for seven months without relief from the headaches.  In April 2011, Plaintiff returned to the Gowanda infirmary with complaints of headache and was diagnosed with sinusitis.  Plaintiff was prescribed sinus medication which Plaintiff alleges he took but which did not resolve Plaintiff's headaches.  According to Plaintiff, a physician outside of the correctional facility advised Plaintiff that a computerized tomography scan ("CT scan") would provide a more definitive characterization of Plaintiff's condition, Plaintiff requested but was denied a CT scan, and continues to suffer headaches three to four times per week since the incident on August 30, 2010.

Plaintiff alleges that Plaintiff did not experience headache symptoms prior to the

incident on August 30, 2010, and that Plaintiff continues to suffer severe headaches

making it difficult for Plaintiff to sleep, and significantly impacting Plaintiff's quality of life.


**DISCUSSION**

**1.     Summary Judgment**

Defendant argues in support of summary judgment, that Plaintiff cannot establish

the requisite elements of his Eighth Amendment excessive force claim, namely the

objective and subjective components.  Defendant's Memorandum at 9.  Defendant

further argues that Plaintiff's claim of verbal abuse is insufficient to establish a claim

under 42 U.S.C. § 1983 ("§ 1983"), and that Eleventh Amendment immunity bars

Plaintiff's claim against Defendant in his official capacity.  Defendant's Memorandum at

11.

Summary judgment on a claim or defense will be granted when a moving party

demonstrates that there are no genuine issues as to any material fact and that a

moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) and (b);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 250-51 (1986); *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010).  The party

moving for summary judgment bears the burden of establishing the nonexistence of any

genuine issue of material fact and if there is any evidence in the record based upon any

source from which a reasonable inference in the non-moving party's favor may be

drawn, a moving party cannot obtain a summary judgment.  *Celotex*, 477 U.S. at 322.

Once a party moving for summary judgment has made a properly supported

5

showing as to the absence of any genuine issue as to all material facts, the nonmoving

party must, to defeat summary judgment, come forward with evidence that would be

sufficient to support a jury verdict in its favor and "may not simply rely on conclusory

statements or on contentions that the affidavits supporting the motion are not credible."

*Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995)

(citing cases).  Rather, Fed. R. Civ. P. 56(e) requires that

> When a motion for summary judgment is made and supported as provided in this
> rule, an adverse party may not rest upon the mere allegations or denials of the
> adverse party's pleading, but the adverse party's response, by affidavits or as
> otherwise provided in this rule, must set forth specific facts showing that there is
> a genuine issue for trial.  If the adverse party does not so respond, summary
> judgment, if appropriate, shall be entered against the adverse party.

"[F]actual issues created solely by an affidavit crafted to oppose a summary judgment

motion are not 'genuine' issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614,

619 (2d Cir.1996).

Defendant is alleged to have violated Plaintiff's civil rights under 42 U.S.C. §

1983, pursuant to which an individual may seek damages against any person who,

under color of state law, subjects such individual to the deprivation of any rights,

privileges, or immunities protected by the Constitution or laws of the United States.

Section 1983, however, "'is not itself a source of a substantive rights,' but merely

provides 'a method for vindication of federal rights elsewhere conferred.'" *Albright v.

Oliver*, 510 U.S. 266, 271 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n. 3

(1979)).  Thus, "[t]he first step in any such claim is to identify the specific constitutional

right allegedly infringed." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989); and

*Baker*, *supra*, at 140).  In the instant case, Plaintiff alleges Defendant violated Plaintiff's

rights under the Eighth Amendment by subjecting Plaintiff to excessive force. Defendant argues in support of summary judgment of this action claiming Plaintiff has alleged no more than a *de minimus* claim of force, that Defendant's actions were not malicious or sadistic, that Defendant's screaming at Plaintiff did not violate the Eighth Amendment, that Defendant is entitled to qualified immunity, and that Plaintiff's claim against Defendant in his official capacity is barred under § 1983.

Defendant argues in support of summary judgment claiming there is no issue of material fact that Defendant, by pushing Plaintiff's head into the chalkboard resulting in injury to Plaintiff, did not use excessive force, that such force was applied in Defendant's good-faith effort to maintain or restore discipline and not to maliciously or sadistically to cause harm to Plaintiff, Defendants' Memorandum at 4-9, that Plaintiff's claim of verbal abuse is insufficient for a claim under Section 1983, *id.* at 9-10, that Defendant's action against Plaintiff is  entitled to qualified immunity, *id.* at 10-11, and that the Eleventh Amendment bars Plaintiff's claim against Defendant in Defendant's individual capacity, *id.* at 11.  Plaintiff asserts in opposition that genuine issues of material fact exists precluding summary judgment on the issue of excessive force, Plaintiff's Response at 6-17.  Plaintiff also contends Defendant lacked a good faith basis to claim qualified immunity, *id.* at 17, that dismissal on Eleventh Amendment immunity grounds is not warranted, *id.* at 17-18, and that summary judgment is not appropriate because discovery is not yet complete, *id.* at 18-19.  Defendant, in further support of summary judgment, maintains that the lack of any serious injury to Plaintiff establishes the use of only *de minimus* force and requires dismissal.  Defendant's Reply at 1-2.

Based on the following, Defendant's motion is GRANTED in part and DENIED in part; alternatively, Defendants' motion is DENIED.


**A.     Excessive Force**

Defendant argues in support of summary judgment Defendant's use of force against Plaintiff was *de minimus* and did not rise to the level necessary under the Eighth Amendment. Defendant's Memorandum at 4-9.  Plaintiff asserts in opposition that genuine issues of material fact exists precluding summary judgment on the issue of excessive force, Plaintiff's Response at 6-17.  Defendant, in further support of summary judgment, maintains that the lack of any serious injury to Plaintiff establishes the use of only *de minimus* force.  Defendant's Reply at 1-2.

It is fundamental that the Eighth Amendment protects prisoners from "cruel and unusual punishment." U.S. CONST. 8th Amend. The Eighth Amendment "imposes duties on these [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable care to guarantee the safety of inmates.'" *Farmer v. Brennan*, 611 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).  Prisoners' rights under the Eighth Amendment have been construed as including freedom from excessive force and denial of medical care, *Trammell v. Keane*, 338 F.3d 155, 162 (2d Cir. 2003).

In this action, Plaintiff contends Defendant used excessive force against Plaintiff on August 30, 2010, by pushing Plaintiff against a wall with enough force to cause Plaintiff's head to strike the chalkboard resulting in pain and recurring headaches,

Plaintiff's Response at 2, and that an issue of fact exists whether Plaintiff suffered a head injury as a result of Defendant's actions on August 30, 2010 . *Id.* at 8, 10.  Plaintiff further contends an issue of fact exists whether Defendant's actions were applied in a good-faith effort to restore discipline or alternatively, maliciously or sadistically to cause Plaintiff harm. *Id.* at 11.

An inmate plaintiff claiming a prison official subjected him to cruel and unusual punishment by use of excessive force must establish both an objective and subjective component of the claim.  *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993).  The subjective inquiry looks to whether the defendant official acted wantonly, which "turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Abrue v. Nicholls*, 368 Fed.Appx. 191, at 193 (2d Cir. March 3, 2010) (citing *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009)). Alternatively, the objective component is "contextual and responsive to contemporary standards of decency." *Hudson v. McMillian,* 503 U.S. 1, 7 (1992).  The extent of injury to an inmate, although a relevant factor, is not a threshold requirement for a claim of excessive force.  *Wilkins v. Gaddy*, ___ U.S. ___, 130 S. Ct. 1175, 1178 (2010).  Thus, while a *de minimus* use of force will rarely suffice to state a constitutional claim, a plaintiff is not required to show that the application of force resulted in any serious injury.  *Hudson*, 503 U.S. at 9-10; *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) (noting "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.")).

Here, the evidence in the record establishes a genuine question of fact as to whether Defendant's actions against Plaintiff were maliciously and sadistically

motivated as the sole purpose of Defendant's action against Plaintiff was to humiliate Plaintiff.  *Abreu*, 368 Fed. Appx. 191, at 193 (where sole purpose of force is to humiliate an inmate, assumption is that action was maliciousness and sadistically motivated). Specifically, after Plaintiff opened the window Defendant called Plaintiff to the area near the chalkboard while at the same time screaming that Plaintiff was interrupting the class.  Complaint at 3.  In response to Defendant, Plaintiff explained that Plaintiff had opened the window because the other inmates were sick.   Defendant responded "I don't care" while pushing Plaintiff with sufficient force to cause Plaintiff's head to strike the chalkboard.  *Id*.  As a result, Plaintiff immediately complained of headaches which recurred.  Based on such facts, as alleged by Plaintiff, a reasonable jury could conclude Defendant's actions were taken with the sole purpose to humiliate Plaintiff, thus establishing the subjective component of Plaintiff's Eighth Amendment claim.

With regard to the objective component of Plaintiff's Eighth Amendment claim, the facts, as alleged by Plaintiff, and supported by evidence in the record establish a genuine issue of fact as to whether Defendant's use of force against Plaintiff was more than *de minimus*.  In particular, Plaintiff's contention Defendant "forcefully pushed [Plaintiff] into the wall. My head snapped back and slammed into the blackboard . . . I immediately felt a great deal of pain as a result of my head hitting the solid surface, I became dizzy, and I was not able to see clearly"  Urdaneta Declaration at ¶ 16, 17, is supported by evidence in the record.  In particular, on September 2, 2010, the New York State DOCS issued a Notice of Discipline firing Defendant for Defendant's "misconduct . . . [o]n August 30, 2010, at approximately 1:00 p.m., while on duty at Gowanda Correctional Facility, you improperly used force on an inmate under your

supervision . . . [s]pecifically, during a community meeting you used both of your hands to punish inmate Urdaneta." Moldenhauer Affirmation Exh. B. Moreover, during the altercation with Plaintiff, Defendant was "loudly berating [Plaintiff] screaming in [Plaintiff's] face . . . took a step forward so he was still shouting at [Plaintiff], face-to-face, as [Plaintiff] was backed against a wall" *Id*. at 2, and asked Plaintiff "what are you going to do?" seemingly to challenge or bait Plaintiff into a reaction that would incite Defendant's further verbal and physical abuse. *Id*. at 3. Upon this record, a reasonable jury could find Defendant's force against Plaintiff was a calculated effort to threaten the use of significantly greater force than necessary to preserve order in the prison and, accordingly, is more than *de minimus* as a matter of law. *Abreu v. Nicholls*, 368 Fed.Appx. 191, 194 (corrections officer pressing rubber hammer into inmate's forehead between one and five times resulting in prisoner's head going "'half way' backwards" is more than *de minimus* force where action was not taken for any proper penal purpose and solely for purpose of humiliating inmate.). Defendant's motion for summary judgment on this ground is DENIED because a genuine issue of fact exists as to whether Defendant's force causing Plaintiff's head to strike the chalkboard was more than *de minimus* thereby establishing the objective component of Plaintiff's Eighth Amendment inquiry.

### B.     Verbal Abuse

Although not specifically denominated as such in the complaint, Defendants have moved for summary judgment insofar as the Complaint can be construed as alleging an Eighth Amendment violation based on verbal harassment, *i.e.*, Defendant's

screaming and threatening Plaintiff about Plaintiff's opening a window.  Defendant's

Memorandum at 9-10.  Plaintiff has not responded in opposition to this argument.

The Second Circuit has held that verbal threats are not a sufficient basis for an

Eighth Amendment claim absent evidence of injury resulting from such threats.  *Felder*

*v. Filion*, 368 Fed.Appx. 253, 256 (2d Cir. 2010) (citing *Purcell v. Coughlin*, 790 F.2d

263, 265 (2d Cir. 1986)).  Accordingly, even if Plaintiff had alleged an Eighth

Amendment claim based on verbal threats, such claim is not cognizable and summary

judgment is therefore GRANTED as to this claim.


### C.    Qualified Immunity

Defendant argues he is qualifiedy immune from liability on Plaintiff's excessive

force claim.  Defendant's Memorandum at 10-11.  Plaintiff maintains in opposition

Defendant lacks a good faith basis for such immunity.  Plaintiff's Response at 17.

Qualified immunity "shields public officials form liability for their discretionary acts

that 'do not violate clearly established statutory or constitutional rights of which a

reasonable person would have known.'"  *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.

1994) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 ( 1982)).  In determining

whether qualified immunity applies, a court may consider whether "the facts alleged

show the [defendant's] conduct violated a constitutional right."  *Mitchell v. New York

Department of Correctional Services*, 2012 WL 6204205, at *10 (December 12, 2012

W.D.N.Y.) (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)).

Of particular relevance to this case is *Abreu*, 368 Fed.Appx. 191, decided March

3, 2010, prior to the August 30, 2010 incident at issue here.  In *Abreu*, the Second

Circuit affirmed the lower court's denial of summary judgment with regard to an inmate's Eighth Amendment excessive force claim where the inmate, who did not suffer any serious injury, had alleged the defendant had pressed a rubber hammer against the inmate's forehead with enough force to bend back his head, solely for the purpose of humiliating the inmate. *Abreu*, 368 Fed.Appx. at 194. The factual similarity between *Abreu*, decided five months prior to the incident at issue in the instant case, clearly establishes that the alleged force used against Plaintiff, as alleged, was excessive. As such, qualified immunity does not shield Defendant from Plaintiff's Eighth Amendment claim on this ground, and Defendant's motion for summary judgment on this ground is DENIED.

**4.      Eleventh Amendment Immunity**

Defendant argues that he is immune under the Eleventh Amendment from liability in this action insofar as he is sued in his official capacity. Defendant's Memorandum at 11. In opposition to summary judgment, Plaintiff clarifies that Defendant is not sued in his official capacity, but only in his individual capacity, Plaintiff's Response at 17-18, which is consistent with the Complaint. Accordingly, this argument is DISMISSED as moot.

**5.      Discovery**

Plaintiff contends Defendant's motion for summary judgment is premature as discovery is not complete. Plaintiff's Response at 18-19. Defendant has not responded to this argument. Because the court is denying Defendant's motion for summary

13

judgment based on the existence of genuine issues of fact regarding whether Defendant's use of force was in violation of Plaintiff's Eighth Amendment rights, this argument is DISMISSED as moot.

## <u>CONCLUSION</u>

Based on the foregoing, Defendant's Motion seeking summary judgment (Doc. No. 21), is GRANTED insofar as Plaintiff claims an Eighth Amendment violation based on verbal threats, but is DENIED as to Plaintiff's Eighth Amendment excessive force claim and qualified immunity, and DISMISSED as moot as to Defendant's assertion of Eleventh Amendment immunity; Plaintiff's alternative argument, in opposition to summary judgment, on the basis that discovery is not complete is DISMISSED as moot. SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      March <u>28</u>, 2013
            Buffalo, New York